### BEE PRINTING COMPANY *vs.* GEORGE R. HICHBORN.

In estimating damages for the breach of a contract, the jury are not bound by the evidence of one of the parties to the suit, although there is no other evidence before them to fix the amount.

One who has failed to fulfil the terms of a special contract may nevertheless, in the absence of fraud, recover on a general count the value of a partial performance, which was accepted by the other party with full knowledge of the breach.

In estimating damages in such action, it is proper for the jury to deduct the loss or damage which the defendant has sustained in consequence of the plaintiff's failure to fulfil the terms of the special contract.

CONTRACT. The first count was on an account annexed, for the publication, for two quarters previously to April 20, 1861, of certain advertisements in the " Daily Atlas and Bee," a newspaper published by the plaintiffs. The second count set forth that the plaintiffs agreed with the defendant to advertise for him sales at auction in the " Daily Atlas and Bee," for $200 *per annum,* payable quarterly; and the plaintiffs performed their part of the agreement, and the defendant owed them $80.50, which was the balance due therefor. The answer set forth that the plaintiffs agreed to advertise the defendant's public and private sales, for the price named, and that, after a time, the plaintiffs refused to advertise his private sales; and that the defendant was induced to enter into said agreement by misrepresentations and fraud as to the circulation of the newspaper.

At the trial in the superior court, before *Allen,* C. J., the plaintiffs relied solely upon their first count, and introduced evidence to support it. The defendant then introduced evidence tending to prove the contract set up by him, and to show that the plaintiffs neglected and refused, for the nine months previously to April 20, 1861, to publish a portion of his private sales, giving as a reason, that this was no part of their contract; and that the plaintiffs, through their agent, at the time when the contract was made, represented the amount of the circulation of their newspaper to be 8000 copies, when in fact it was only about 3000. The defendant testified that he had sustained damage

to the amount of $200 by the plaintiffs' failure to perform their contract, and their misrepresentations, as aforesaid; and no other witness was examined respecting this matter.

The defendant, amongst other things, requested the judge to instruct the jury that, if it appeared that the plaintiffs' agent represented the circulation to be 8000, when in fact it was only 3000, the contract was obtained by fraud, and the plaintiffs could not recover; and that, if the amount of damages to the defendant should be a legal subject of inquiry, they would be bound by his evidence. The judge instructed the jury that if the representations of the plaintiffs' agent were untrue, they could not recover on the special contract; and that, if there was a special contract between the parties, which had not been fulfilled in some respects by the plaintiffs, but the plaintiffs had advertised for the defendant for the period of time set forth, and had thereby incurred expense and performed labor which had been beneficial to him beyond the amount of damage sustained by him by reason of the non-performance of the contract in the particulars referred to, the jury, having reference to the contract price as the measure of value for all the services to be performed by the contract, and on the assumption that the circulation of the newspaper was the same which was represented by the plaintiffs' agent, and deducting the amount of damage sustained by the defendant by reason of non-performance of all parts of the contract by the plaintiffs, might allow to the plaintiffs, on the first count, the amount of the excess of the worth of those services, if anything, over the damages sustained by the defendant.

The jury returned a verdict for the plaintiffs, for a portion of their claim; and the defendant alleged exceptions.

No counsel appeared for the defendant.

*J. L. Newton,* for the plaintiffs.

BIGELOW, C. J. The instructions given to the jury were in conformity with the request made by the defendant on all points except two; and on those, we think the defendant has no cause to complain of the rulings of the court.

1. The assumption, that the jury were bound, in the absence of all other evidence, by the statement of the defendant as to

the amount of damages sustained by him in consequence of a breach of the alleged special contract, has no foundation in principle or on authority. If true, it would require the jury to believe a party to a suit testifying in his own behalf, although they might be satisfied in their own minds, either from the manner of giving his testimony, or the inherent improbability of his story, or other circumstances, that he was either mistaken in his statements or wilfully testifying falsely. But the jury are not obliged to receive evidence which is laid before them passively and follow it blindly, because it is not controlled or contradicted by counter evidence. They are to examine it with care, subject it to the scrutiny of their judgment and experience, and act on it only so far as it seems to them to be reasonable and true. Especially in estimating damages, which necessarily involves the exercise of opinion and judgment, the jury are to be guided by their own skill and knowledge, as well as by testimony which is given by witnesses at the trial. *Patterson* v. *Boston*, 20 Pick. 159, 166. *Murdock* v. *Sumner*, 22 Pick. 156.

2. On the other point, the instructions were clearly right. The defendant, on the facts in proof, could not set up the special contract in bar of a claim by the plaintiffs in the nature of *indebitatus assumpsit* on the first count for work and labor done and services performed. After the alleged breach of the contract in July 1860, by the refusal of the plaintiffs to publish certain advertisements sent to them by the defendant, the latter still continued to publish advertisements in the plaintiffs' newspaper. Instead of relying on his special contract, and, when it was broken by the acts of the plaintiffs, insisting on the breach and claiming damages for its non-performance, he subsequently accepted a part performance of the contract by the plaintiffs. This severed the entirety of the contract. By his own consent, with full knowledge of the breach, the defendant received and enjoyed the benefit of the services, labor and property of the plaintiffs. Although the plaintiffs, if they failed to perform the special contract on their part, are debarred from maintaining any action upon it, yet they have a legal claim for the actual value of the labor and services performed by them, which the defendant

has accepted and enjoyed. From the act of the defendant in continuing to send his advertisements to the plaintiffs for publication, after he had notice of the alleged breach by them of the special contract, and thereby taking to himself the benefit of their subsequent labor, services and material, the law implies a severance of the original entire contract, and raises a promise to pay the amount, which the plaintiffs reasonably deserve to have. *Bowker* v. *Hoyt*, 18 Pick. 555. *Snow* v. *Ware*, 13 Met. 49. *Oxendale* v. *Wetherell*, 9 B. & C. 386. *Read* v. *Rann*, 10 B. & C. 439. 2 Greenl. Ev. § 136 *a*. There is no allegation or proof in the present case, which tends to charge the plaintiffs with any want of good faith in the alleged failure to fulfil the special contract set up by the defendant. They are therefore well entitled to recover the fair value of their services. *Snow* v. *Ware, ubi supra.*

In estimating the amount which the plaintiffs were entitled to have for the beneficial enjoyment of their labor and services by the defendant, it was proper for the jury to deduct the loss or damage which he had sustained in consequence of the alleged breach of the special contract. This is allowed to avoid circuity of action, so that substantial justice may be done between the parties in one suit. In this respect, the instructions were correct, and in conformity with the rule laid down by this court in *Bowker* v. *Hoyt, ubi supra.* *Exceptions overruled.*